UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES SERVELLO,                        :
                                       :
         Petitioner,                   :
                                       :          PRISONER
V.                                     :    No. 3:07-CV-248(RNC)
                                       :
WARDEN SIEMINSKI,                      :
                                       :
         Respondent.                   :

RULING AND ORDER

Petitioner, a Connecticut inmate proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 vacating his conviction on the ground that his trial counsel rendered ineffective assistance.  To obtain reversal of a conviction based on ineffective assistance of counsel, a habeas petitioner must show that his counsel's performance was deficient and prejudiced the defense.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  In prior state habeas proceedings, petitioner's claim was rejected under Strickland on the ground that he had failed to prove either of these essential elements.  See Servello v. Commissioner of Correction, 95. Conn. App. 753 (2006), cert. denied, 280 Conn. 904 (2006).  Petitioner has not shown that the state courts' application of Strickland was incorrect.  See 28 U.S.C. § 2254(d)(1).  Accordingly, his petition is denied.

In 1998, after a jury trial in Connecticut Superior Court, petitioner was convicted of attempted arson in the second degree. He was convicted on the basis of tape recordings of conversations he had in prison with a fellow inmate named Donald Anderson, who

was acting as an informant for prison authorities, and an
undercover state trooper named Clifford Labbe, Jr., who was
posing as an arsonist-for-hire.  In his conversations with
Anderson, petitioner stated that he wanted someone to burn down
the Litchfield County Courthouse.  In subsequent conversations
with Labbe, he appeared to hire Labbe to set the fire.  On direct
appeal, petitioner argued that the evidence was insufficient to
prove either that he had the requisite specific intent to carry
out the arson or took a substantial step toward commission of the
crime.  The Appellate Court affirmed and the Supreme Court denied
certification.  State v. Servello, 59 Conn. App. 362 (2000),
cert. denied, 254 Conn. 940 (2000).

Petitioner sought habeas relief in state court claiming
ineffective assistance of counsel.  He alleged that his trial
counsel rendered ineffective assistance in the following two
respects: (1) in failing to object to hearsay testimony of three
witnesses concerning statements made to them by Anderson (who
died before the arson trial) concerning petitioner's desire to
have someone set fire to the Litchfield County Courthouse; and
(2) in failing to call an expert witness to testify that
jailhouse informants like Anderson typically expect and receive
consideration for providing information to authorities.  At an
evidentiary hearing on the petition, petitioner's trial counsel
testified that he consciously refrained from objecting to the

hearsay testimony of the state' witnesses concerning what
Anderson said to them about the petitioner.  He explained that
the strategy of the defense was to depict petitioner's
inculpatory statements as mere jailhouse talk or fantasy and that
Anderson's hearsay statements were "evidentiary components" of
this defense (as were the tape recordings of petitioner's
incriminating conversations with Anderson and Labbe, which were
admissible).  Crediting this testimony, the habeas trial court
found that petitioner's counsel, in not objecting to the hearsay,
employed a reasonable trial strategy, and that the admission of
the hearsay did not prejudice the defense because it was
cumulative of other evidence (including the tape recordings).
Servello v. Warden, 2004 WL 2397393, at *8 (Conn. Super. Oct. 8,
2004).  The habeas court also rejected petitioner's ineffective
assistance claim based on his trial counsel's failure to call an
expert witness to testify concerning Anderson's motivation in
approaching prison authorities with information about the
petitioner.  The court found that petitioner's trial counsel,
through his cross-examination of witnesses for the state,
provided the jury with evidence that Anderson received, or
expected to receive, some consideration in return.  The court was
not persuaded that expert testimony on the generic subject of
criminal informants and their motivations was necessary or would
have been more effective.  The Appellate Court affirmed and the

3

Supreme Court denied certification.  Servello  v. Commissioner of Correction, 95 Conn. App. 753 (2006) cert. denied, 280 Conn. 904 (2006).

Under § 2254(d)(1), a federal court may not grant habeas relief to a state prisoner on a claim adjudicated on the merits in state court unless the state court's decision involves an unreasonable application of clearly established federal law or an unreasonable determination of the facts.  The state contends that petitioner has not made this showing.  I agree.

In affirming the decision of the habeas trial court, the Appellate Court held that petitioner had failed to show that the admission of the hearsay testimony resulted from incompetence, rather than reasonable trial strategy, or prejudiced the fairness of his trial.  The Appellate Court also held that petitioner had failed to prove that his counsel's failure to present expert testimony regarding the motivations of jailhouse informants was deficient or that the absence of such testimony affected the outcome of the trial.  In all these respects, the Appellate Court's decision reflects proper application of Strickland to facts permissibly found.

In his reply memorandum in this Court, petitioner does not attempt to show that the Appellate Court's decision involves an unreasonable application of Strickland or rests on an unreasonable determination of the facts.  Rather, he reasserts

4

the jailhouse fantasy defense that was presented at trial and rejected by the jury.  In other words, he claims that he is innocent.  A claim of actual innocence is not cognizable in a habeas proceeding in the absence of an independent constitutional violation in the proceeding that led to the petitioner's conviction.  <u>See</u> <u>Herrera v. Collins</u>, 506 U.S. 390, 400 (1993). No such violation has been shown in this case.

Accordingly, the petition is hereby denied.  Reasonable jurists would not find it debatable that the petitioner should be denied, so a certificate of appealability will not issue.

The Clerk is directed to enter judgment and close the case.

So ordered this 17th day of February 2010.

/s/RNC
Robert N. Chatigny
United States District Judge